No. 04-577

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 299N

LORI MEYERS BAIN,

       Petitioner and Appellant,

   v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

       Respondent/Insurer and Respondent,
       for

SHOPKO STORES, INC.,

       Employer.


APPEAL FROM:    Workers' Compensation Court, State of Montana,
                The Honorable Mike McCarter, Judge presiding.


COUNSEL OF RECORD:

       For Appellant:

              Thomas A. Marra, Marra, Sexe & Evenson, P.C., Great Falls, Montana


       For Respondent:

              Larry W. Jones, Law Office of Jones & Garber, Missoula, Montana


                  Submitted on Briefs:  May 31, 2005

                        Decided:  November 29, 2005

Filed:


                          Clerk
Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Lori Meyers Bain (Bain) appeals from the judgment of the Workers' Compensation Court. This judgment held that Bain did not timely notify her employer of her injury, she did not timely file a claim for her injury, and she was not injured (in the form of a demyelinating disease, chronic fatigue, myalgias, arthralgias, mental confusion, and memory loss) from receiving hepatitis B vaccinations at the urging of her employer. We only consider Bain's appeal of the Workers' Compensation Court's holding that she was not injured by hepatitis B vaccinations taken at the urging of her employer, as we find this issue to be dispositive. We affirm the judgment of the Workers' Compensation Court.

¶3 In this case, the Workers' Compensation Court was confronted with a multitude of evidence and conflicting testimony in trying to determine whether Bain's injuries were caused by receiving hepatitis B vaccinations. In its carefully detailed and reasoned findings of fact, conclusions of law, and judgment, the Workers' Compensation Court noted that it assessed the various physicians who testified and analyzed their medical credentials, logic and biases, as well as the medical authorities relied upon by each physician. It is also clear from the opinion that the Workers' Compensation Court methodically considered and reviewed all of the evidence presented by both sides.

¶4 The Workers' Compensation Court concluded that Bain suffered an anxiety reaction

to the hepatitis B vaccinations, but that this reaction was transient and caused no permanent harm. The Workers' Compensation Court further concluded that Bain failed to demonstrate that there is a causal relationship between the hepatitis B vaccinations and disabling conditions she suffers from.

¶5 We have determined to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.

¶6 We review the findings of fact of the Workers' Compensation Court to determine if they are supported by substantial credible evidence. *Mont. State Fund v. Murray*, 2005 MT 97, ¶ 13, 326 Mont. 516, ¶ 13, 111 P.3d 210, ¶ 13. We have previously defined substantial evidence as "evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Swain v. Battershell*, 1999 MT 101, ¶ 34, 294 Mont. 282, ¶ 34, 983 P.2d 873, ¶ 34 (quoting *Barrett v. Asarco Inc.* (1990), 245 Mont. 196, 200, 799 P.2d 1078, 1080). The same standard of review will be applied when the record contains both deposition medical evidence and other trial evidence relevant to the medical issue. *Murray*, ¶ 13. We will review the conclusions of law of the Workers' Compensation Court to determine whether they are correct. *Murray*, ¶ 13.

¶7 It is manifest on the face of the briefs and the record that Bain's appeal is without merit. While there is conflicting evidence, it is clear from the record that the findings of fact of the Workers' Compensation Court are supported by substantial evidence. Also, the Workers' Compensation Court correctly interpreted the law.

¶8      We affirm the judgment of the Workers' Compensation Court.


/S/ JOHN WARNER


We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JIM RICE